IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICO S. HARVEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KYLE EASTON, P. MARTIN, JEFFERY ) <br> M. DENNISON, ) <br> ) <br> Defendants. ) <br> ) | Case No. 20-cv-954-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rico S. Harvey, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Harvey alleges Easton used excessive force and Martin failed to intervene in violation of the Eighth Amendment. Harvey seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Harvey makes the following allegations in the Complaint (Doc. 1): On July 26, 2020, Harvey was walked back to his cell from a video call by Kyle Easton and P. Martin (*Id*. at p. 6). He had words with Easton. Easton took the lead chain, which was bound around Harvey's testicles, and pulled it really hard up on his testicles, injuring him (*Id.*). Martin failed to stop Easton from his actions. Jeffrey Dennison failed to train the two officers on rules, regulations, and security.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** Eighth Amendment excessive force claim against Easton.
>
> **Count 2:** Eighth Amendment failure to intervene claim against Martin for failing to stop Easton from using excessive force.
>
> **Count 3:** Failure to train claim against Jeffrey Dennison.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Harvey alleges sufficient facts to state a viable claim of excessive force against Easton in Count 1. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). He also alleges a viable claim in Count 2 against Martin for failing to intervene in the use of force. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Harvey fails to state a claim, however, against warden Jeffrey Dennison. The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior*, or supervisor liability, does not apply to actions filed under Section 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Harvey refers to only one event and makes no mention of any policy, custom, or training procedure. There are no allegations regarding any training program or how it is inadequate. Simply put, Harvey's conclusory allegation is insufficient to state a claim. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."). Thus, Count 3 against Dennison is **DISMISSED without prejudice**.

## Pending Motions

As to Harvey's motion for counsel (Doc. 9), he states that he has written three attorneys. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Harvey's motion for counsel (Doc. 9) is **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated, Count 1 shall proceed against Kyle Easton. Count 2 shall proceed against P. Martin. Count 3 and Jeffrey Dennison are **DISMISSED without prejudice**.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk of Court shall prepare for Defendants Kyle Easton and P. Martin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Harvey. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Harvey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Harvey, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Harvey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/14/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**